UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDREW VANATOR,

  Plaintiff,

    v.      CAUSE NO. 3:21-CV-790-RLM-MGG

OLMSTEAD, et al.,

  Defendants.

OPINION AND ORDER

  Andrew Vanator, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A, "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

  Mr. Vanator completed his complaint using the court's prisoner complaint form, but in the section designated for him to write a short and plain statement telling what each defendant did wrong, he simply referenced five exhibits. The exhibits show that Mr. Vanator made several complaints about some offenders being permitted to use a video kiosk in their cells for visitations while he wasn't allowed to use the kiosk for visitations. He indicates that he felt that he was being discriminated against due

to his medical needs. Each of these complaints was responded to by indicating that the kiosks weren't to be used in cells for visitation and that the problem had been addressed. It's clear from the exhibits that Mr. Vanator is unhappy with how visitation has been managed at the St. Joseph County Jail, but it's not clear why he is suing Warden Major Olmstead, Stg. Olmstead, or Stg. Johnson. He doesn't say who denied him visitation in his cell with the video kiosk, who allowed other offenders to have visitation in their cells with the video kiosk, or why he thinks his medical status motivated them to deny him visitation in his cell. Defendants can't be held individually liable based solely on their supervisory position over others or their status as an employer. Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. Mr. Vanator doesn't allege any facts from which it can be plausibly inferred that the defendants denied him visitation in his cell because of his medical status. He can't proceed against Warden Major Olmstead, Stg. Olmstead, or Stg. Johnson.

The exhibits also show that Mr. Vanator is unhappy with how his grievances related to visitation were managed. But Mr. Vanator has no constitutional right to access the grievance process. *See* Grieveson v. Anderson, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure).

This complaint doesn't state a claim for which relief can be granted. Mr. Vanator may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual

standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number (3:21cv00790) on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Andrew Vanator until **December 3, 2021**, to file an amended complaint; and

(2) CAUTIONS him that if he doesn't respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 1, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT

3